IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

IN RE: BK 05-72732-CMS-13

WILLIAM C. GRIFFIN, and
ROSEMARY GRIFFIN,

      DEBTORS.

## MEMORANDUM OF DECISION

This matter was before the court on a motion to determine ownership of a personal injury lawsuit, to accept an offer in settlement of the suit, and for approval of attorneys' fees and expenses. The court has reviewed the evidence in the context of applicable law and finds the claim is **property** of the Griffins' **BANKRUPTCY ESTATE**, that the settlement of the claim is due to be **APPROVED**, and that payment of the attorneys' contingent fees should also be **APPROVED**.

## FINDING OF FACTS

The court held an October 12, 2006 hearing on this **MOTION FOR DETERMINATION OF OWNERSHIP OF CLAIM AND FOR APPROVAL OF ESTATES ACCEPTANCE OF AN OFFER IN A GROUP PERSONAL INJURY SETTLEMENT, APPROVAL OF RETENTION OF SPECIAL COUNSEL WHO GENERATED THE GROUP OFFER AND PAYMENT OF CONTINGENT FEES AND EXPENSES** (BK Doc. 78).

In the motion, Michael T. Gallagher of The Gallagher Firm asked the court for relief on behalf of himself and four other lawyers comprising The Group, or referring, Counsel. Movants included Jason A. Stuckey of the firm Gulas & Stuckey; Richard A. Freese of the firm Sweet & Freese; Tim K. Goss of the firm Capshaw, Goss & Bowers, LLP; and Chris Hellums of the firm Pittman, Hooks, Dutton, Kirby, and Hellums, (hereinafter referred to as Group Counsel).

1

In essence, the motion asked the Bankruptcy Court to determine the following:

(1) If a claim of the debtor against Warner-Lambert, LLC; and Pfizer, LLC arising out of the use of Rezulin was property of the bankruptcy estate;

(2) If the claim is property of the estate, to authorize their retention as special counsel on a contingent fee basis;

(3) To approve the settlement of Rosemary Griffin's claim; and

(4) To award attorney fees and expenses.

(BK Doc. 58, filed by Group Counsel, had previously requested relief similar to that set out in BK Doc. 78.) Objections to the motions (See BK Docs. 62, 64, 82 and 83) filed by the Chapter 13 Trustee and the Bankruptcy Administrator were also heard at the October 12, 2006 hearing.

The court has set out below a chronology of factual events leading up to this point. This chronology is based upon the bankruptcy file of William and Rosemary Griffin, the file of AP 02-70118, and exhibits to pleadings in the bankruptcy file.

**Prior to December of 2004**, debtor Rosemary Griffin retained group counsel to represent her against Parker Davis, a division of drug maker Warner-Lambert, LLC, on a claim arising out of her use of the drug Rezulin. The parties agreed to a contingent fee basis of 40%  The exact date of this retention is not in evidence.

**November 21, 2002** - Chapter 13 Trustee David Cottingham filed an adversary proceeding, AP 02-70118, against Morris Bart and other defendants representing debtors in such group claims. The trustee's complaint alleged that counsel had failed to obtain approval of their employment to represent bankruptcy estates of Chapter 13 debtors with similar causes of action or drug claims.

**December, 2004** - The parties reached a global group settlement in the Rezulin group cases that debtor Griffin had joined. The settlement was structured so that plaintiffs who chose to accept the settlement would be entitled to various amounts based on their injuries or potential injuries.

2

Griffin, who had no proof of injury, was to receive approximately of $4,503.00 under the proposed settlement.

**September 5, 2005** - William and Rosemary Griffin filed this Chapter 13 case and became debtors before the Bankruptcy Court. However, their schedules of assets and liabilities did not include any claim or cause of action arising out of the Rezulin case. The Griffins' proposed plan, filed with their schedules, also made no provision for the Rezulin lawsuit. (BK Docs. 1 and 3)

**October 11, 2005** - Chapter 13 Trustee C. David Cottingham objected to confirmation of the debtors' plan, asserting that it had omitted a lawsuit. (BK Doc. 28)

**October 25, 2005** - The debtors amended their Schedule B and added the Rezulin lawsuit. (BK Doc. 30)

**October 31, 2005** - The court entered an order confirming the debtors' revised plan. The confirmation order included a provision stating "by agreement, in the event the debtor(s) receive any money from the lawsuit scheduled then the money recovered above the amount claimed exempt shall be paid to the Chapter 13 Standing Trustee to be distributed to Creditors."

**November 17, 2005** - The Bankruptcy Administrator filed a motion for status conference to determine the status of debtors' pending litigation, with a copy served upon Attorney Freese. (BK Doc. 36)

**February 17, 2006** - Attorneys Jason Stuckey, Richard Freese and Michael Gallagher filed their first applications to be employed to represent Rosemary Griffin in her Rezulin case. (BK Docs. 43, 44 and 45)

**March 16, 2006** - The Chapter 13 trustee objected to the three attorneys' applications to be employed. (BK Doc. 55) In his objection, the trustee requested that group counsel's employment be denied and that they be awarded no fees or expenses.

3

**March 22, 2006** - The three attorneys withdrew their applications for employment. (BK Doc. 57)

**June 2, 2006** - Group counsel filed their first motion to determine ownership of the claim, approve the settlement and approve the attorney fees and retention of counsel. (BK Doc. 58)

**July 3, 2006** - The Chapter 13 trustee objected to document 58. (BK Doc. 62)

**July 5, 2006** - The Bankruptcy Administrator objected to document 58. (BK Doc. 64)

**July 25, 2006** - The parties reached a settlement with the Gallagher defendants in the trustee's lawsuit, AP 02-70118. (AP Doc. 367) Settlement provisions allowed the filing of applications to be employed in individual debtors' cases with pending claims similar to Griffin's. These applications were to be filed within 30 days of entry of the settlement order in AP 02-70118.

**August 23, 2006** - Group counsel filed Document 78, the motion currently before the court, which is similar to the request in Document 58. The application complied with the time limit set by the settlement in AP 02-70118.

**October 11, 2006** - The Bankruptcy Administrator and Chapter 13 trustee objected to group counsel's motion. (BK Docs. 82 and 83) These objections do not oppose the employment of group counsel, but asserted that the employment should only be effective June 2, 2006, with fees and expenses allowed for services rendered after that date.

## CONCLUSIONS OF LAW

This court has jurisdiction of the Griffins' Chapter 13 case pursuant to 28 U.S.C. § 1334(a). This court has jurisdiction of this motion, including core bankruptcy proceedings**,** under 28 U.S.C. § 1334(b). The jurisdiction is referred to this court by the General Order of Reference of the United States District Courts for the Northern District of Alabama, Signed July 16, 1984, As Amended July 17, 1984.

4

At the hearing on October 12, 2006, the court announced from the bench that it would authorize the employment of group counsel effective June 2, 2006, when bankruptcy Document 58 was filed. Group counsel's employment was approved pursuant to 11 U.S.C. § 327(e). (The written order reflecting this was entered October 18, 2006. (BK Doc. 85)). Their employment was on a contingent fee basis. Therefore, pursuant to 11 U.S.C. §§ 330(a) and Section 331, counsel would normally be allowed reasonable compensation and reimbursement for actual and necessary expenses.

The court further announced that it would approve group counsel's motion to compromise Rosemary Griffin's Rezulin claim in the approximate amount of $4,503.00. The court then determined that, based upon the debtor's schedules and confirmation order, this cause of action/settlement was a prepetition asset of the Griffin bankruptcy estate created September 5, 2005.

The only remaining issue for the court to decide is the amount of fees which are reasonable for the services rendered by Group Counsel on behalf of the debtor, and a reasonable amount of expenses.

The record is clear that through the efforts of Group Counsel, a group settlement of multiple claims arising out of the use of the drug Rezulin, was reached in December of 2004, approximately nine months before the debtors' filed their bankruptcy petition. It is also clear to the court that further efforts were required on behalf of individual claimants, including Griffin, to consummate the settlement; obtain, and disburse settlement funds; and execute appropriate releases.

A contingent fee of 40% in this case would yield a total attorney fee for Group Counsel of $1,801.43, plus the interest accrued on the original settlement offer. Based upon the facts in this case, the court finds that a contingent fee in the amount of $1,801.43 plus interest is a reasonable fee and it must be approved.

Group counsel has also requested expenses of $268.21. However, they have provided no

itemization of these expenses which sets out the nature of the services or the dates they were incurred. Because of this defect, the court cannot determine if these expenses are actual or necessary as required by Section 330. Therefore, no expenses are due to be approved.

## CONCLUSION

In summary, the court finds the prepetition cause of action and its settlement to be **PROPERTY OF THE GRIFFINS' BANKRUPTCY ESTATE**; and that the settlement of Rosemary Griffin's prepetition drug claim for $4,503.00; and payment of group counsel's 40% contingent attorney's fee for representing Griffin must be **APPROVED**.

Group counsel is to be directed to submit to the court an order setting out the amount of fees to be received by each individual attorney in group counsel, consistent with a total award of $1,801.43 plus interest. A separate order on all other matters will be entered by the court.

An order, consistent with these findings pursuant to Fed. R. Bankr. P. 7052, will be entered separately.

**DONE and ORDERED** this November 22, 2006.

/s/ C. Michael Stilson
C. Michael Stilson
United States Bankruptcy Judge